

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

EJK:JRL
F.#2011R00879

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

July 25, 2012

**By ECF and By Hand**

The Honorable Jack B. Weinstein
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:  United States v. Isamal Savino
            Criminal Docket No. 11-438 (JBW)

Dear Judge Weinstein:

      The government respectfully submits this letter in advance of the sentencing in the above-referenced case, scheduled for August 2, 2012. The government opposes the defendant's request that the Court impose a probationary sentence. At set forth below, the government respectfully requests that the Court impose a sentence within the defendant's Guidelines range of 37 to 46 months.

I. Background

      As set forth in the Presentence Investigation Report ("PSR"), on or about May 15, 2011, Isamal Savino arrived at John F. Kennedy International Airport ("JFK Airport") aboard Jet Blue Flight 820 from Santo Domingo, Dominican Republic. PSR at ¶ 2. Customs and Border Protection officers, in conducting an inspection, discovered that Savino's suitcase contained heroin. Id. The suitcase was later analyzed and found to contain 1488 grams of heroin hydrochloride with a purity level of 66.1 percent. Id. Savino admitted that she expected to be paid for transporting the narcotics to the United States. Id. Soon after apprehending Savino, agents observed co-defendant, Aneudy Mota[1], waiting at JFK Airport. Id. at ¶ 3. When approached, Mota stated that he was waiting for a friend, whom he identified. Id. Records indicated that there was no such person on the flight

---

[1] Mota's sentencing was scheduled for June 27, 2012. Mota failed to appear and a warrant was issued for his arrest.

that Mota identified. Id. Mota consented to a search of his phone, and Homeland Security Investigations (HSI) agents discovered a photograph of Savino on his phone. Id. After he was arrested and had waived his Miranda rights, Mota admitted that he was being paid to pick up Savino at JFK Airport. Id. at ¶ 4.

On August 12, 2011, pursuant to a plea agreement, the defendant pleaded guilty to a lesser-included offense of Count One of the indictment, which charges that on or about May 15, 2011, the defendant, together with others, did knowingly and intentionally conspire to import a controlled substance into the United States, which offense involved one kilogram or more of heroin.

II. Argument

    A.    Sentencing Guidelines Computation as Set Forth in Addendum to PSR is Correct

The government agrees with the Guidelines calculation set forth in the PSR and Addendum, which together compute the offense level to be 21 and the applicable Guidelines range to be 37 to 46 months.

    B.    The 3553(a) Factors Suggest That a Guidelines Sentence Is Appropriate In This Case

The factors outlined in 18 U.S.C. § 3553(a) show that a Guidelines sentence is appropriate in this case.

First, the nature of the offense to which the defendant pleaded guilty, see 18 U.S.C. § 3553(a)(1), is serious. The defendant conspired to import a controlled substance into the United States. The quantity of heroin is substantial, as the defendant's luggage contained almost one and one half kilograms of heroin. This quantity of heroin is commensurate with a statutory maximum sentence of 10 years pursuant to 21 U.S.C. § 960(b)(1)(A). The plea agreement to the lesser-included offense, coupled with the 4-level departure for her minimal role pursuant to U.S.S.G. § 3E1.2(a), takes into account the defendant's role as a drug courier. Accordingly, no additional sentence reduction is appropriate on this basis.

In considering the defendant's "history and characteristics," 18 U.S.C. § 3553(a)(1), it should be noted that the defendant does not have a criminal record. In the defendant's sentencing memorandum, she points to her age as a

mitigating factor.  While the defendant was young when she committed the instant offense, there is otherwise nothing exceptional in her background or family history to explain her conduct here.

Moreover, while the defendant claims in her memorandum that the Court should credit her compliance with Pretrial Services, it should be noted that the Court previously adjourned the sentencing date to give the defendant further opportunity to come into compliance.  As noted in an Addendum from the Pretrial Services Officer dated April 19, 2012, the defendant was not taking her case seriously.  Notably, the defendant chose to stop attending GED classes in order to attend an employment program.  However, the employment program reported that the defendant was late to class and demonstrated a lackluster attitude; the defendant was ultimately dismissed from the employment program.  The defendant also failed to comply with a curfew condition.  On July 24, 2012, the undersigned spoke with the Pretrial Services Officer, who represented that since the last hearing, at which the Court adjourned the sentencing, the defendant had shown improvement.  According to the Pretrial Services Officer, the defendant was attending GED classes, recently re-enrolled in the employment program, was attending therapy sessions, and was reporting as directed.  Although the defendant's late adjustment to supervision is promising, the defendant's previous failure to take her case seriously and to avail herself of both educational and employment opportunities is troubling.  Under these circumstances, the defendant is not deserving of a departure, and particularly not a departure to a non-jail sentence.

A sentence within the applicable Guidelines range would also advance both general and specific deterrence.  Given the defendant's attitude toward her case, a sentence of incarceration is necessary to ensure that she understands the severity of her crime and does not re-offend.  Moreover, a Guidelines sentence would promote respect for the law and ensure a just punishment in this case.  See 18 U.S.C. § 3553(a)(2).

4

III. <u>Conclusion</u>

      For the reasons set forth herein, the defendant should be sentenced within the applicable Guidelines range of 37 to 46 months of imprisonment.

                                    Respectfully submitted,

                                    LORETTA E. LYNCH
                                  United States Attorney

                      By:      /s/
                                Jennifer R. Laraia
                                Special Assistant U.S. Attorney
                                (718) 254-6108

cc:  Michael Weil, Esq. (by ECF)

     U.S. Probation Officer Jeremy Neiss (by electronic mail)