UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ MAR 27 2013 ★
BROOKLYN OFFICE

---

UNITED STATES OF AMERICA

– against –

ISAMAL SAVINO,

Defendant.

11-CR-438-01

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

---

**JACK B. WEINSTEIN, Senior United States District Judge:**

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in Section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from that provided by the Guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in a statement of reasons form." *Id.* Even though the Guidelines are now "advisory" rather than mandatory, *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments' and that it has a 'reasoned basis for exercising [its] own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (en banc) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (alterations in original).

1

On August 12, 2011, Isamal Savino plead guilty to count one of a five-count indictment, which charged that on May 15, 2011, defendant, together with others, imported heroin into the United States in violation of 21 U.S.C. §§ 952(a) and 960(b)(3).

Savino was sentenced on March 4, 2013. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264–65 (E.D.N.Y. 2004) (describing the value of video recording for the review of sentences on appeal).

The court finds the total offense level to be 21, and defendant's criminal history category to be "I," yielding a guidelines range of imprisonment of between 37 and 46 months. The offense carried a maximum term of imprisonment of 20 years. 21 U.S.C. § 960(b)(3). The guidelines range of fine was from $7,500 to $1,000,000. 21 U.S.C. §960(b)(3).

Savino was sentenced to a term of 5 years' probation. A $100 special assessment payable forthwith was ordered. No fines were imposed because the defendant does not have any assets, and it is unlikely that she will have any in the future to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court imposed a non-guideline sentence under 18 U.S.C. § 3553(a) and *Booker*. 18 U.S.C. § 3553(e).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). The offense to which the defendant pled guilty is serious. Savino, in her role as drug courier, imported heroin into the

United States from the Dominican Republic. Defendant was 20 years old when she committed the offense. She had no criminal history or drug abuse problem. Since dropping out of school in the ninth grade she has had a variety of low-paying hourly wage jobs, working in restaurants, coffee shops, department stores and the daycare center her mother operates from her home. Two months prior to the offense she had moved out of her mother's abode for the first time.

Sentencing was adjourned after an unfavorable report noted failure to attend GED classes, job readiness training, and an overall unsatisfactory adjustment to supervision. Pre-trial services had noted defendant's immaturity and the need for more structure in her life. She was given the opportunity to comply with this court's Special Options Service program conditions and to show progress in her life skills.

Defendant has since shown improvement. She has completed intensive job readiness training with The HOPE Program ("HOPE"), a not-for-profit organization, helping her secure employment with the Super Linda Restaurant in Manhattan. Although she is no longer a full member of HOPE, she continues to report monthly to meet with a job retention specialist regarding her employment and to receive job retention awards. She appears motivated to continue her studies. The defendant has expressed a desire to attain her GED and to secure a more meaningful job, not only to please the court, but to improve her future prospects. She continues to attend GED classes.

Defendant has become significantly more responsible, is accepting advice and constructive criticism. She appears to have more confidence in her own abilities and potential. She continues to engage in mental health treatment. Her therapist noted that at the beginning of treatment defendant appeared very immature for her age and had poor decision-making and

coping skills. Although continued attention to improvement of these skills is needed, the therapist has observed substantial improvement.

Defendant requires direction. She is a work in progress. Her marked improvement would be setback by a period of incarceration. A sentence of 5 years' probation reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in importing drugs will not go unpunished. Specific deterrence is also satisfied with the sentence. It is unlikely that Savino will engage in further criminal activity in light of her acceptance of responsibility, cooperation with the government, and her significant efforts to improve her life.

Jack B. Weinstein
Senior United States District Judge

Dated: March 19, 2013
      Brooklyn, New York